**Louis P. FORRISI, Plaintiff,**

v.

**Margaret HECKLER, Defendant.**

**Civ. No. C–84–868–D.**

United States District Court,
M.D. North Carolina,
Durham Division.

Nov. 6, 1985.

---

Louis L. Lesesne, Jr., Charlotte, N.C., for plaintiff.

Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., Timothy M. White, Dept. of HHS, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This case is before the court on Plaintiff's motion for partial summary judgment

and Defendant's cross-motion for summary judgment.

Plaintiff Louis P. Forrisi filed this suit against Margaret Heckler as Secretary of Health and Human Services, alleging that Plaintiff's discharge from employment with the National Institute of Environmental Health Services (hereafter referred to "NIEHS"), a program within the Department of Health and Human Services, was discriminatory and illegal under Sections 501 and 505 of the Rehabilitation Act of 1973 (as amended), 29 U.S.C. §§ 791, 794a(a)(1).

## FACTUAL BACKGROUND [1]

Plaintiff Louis P. Forrisi was employed by the NIEHS in February 1983 to work as a utility systems repairer/operator (hereafter referred to as "USRO") at its facility in Research Triangle Park, North Carolina. While there is some dispute as to the agreed upon extent and boundaries of his responsibilities, Section 5 ("Physical Effort") of the job description twice states that the USRO is expected to climb ladders. The document indicates that such climbing is necessary, both during times of emergency and in order to effectuate routine maintenance.

On February 7, 1983, the first day of employment and introduction to his duties, Plaintiff informed his supervisors that his acrophobia would prevent him from climbing to certain heights. As a result, on February 9, Plaintiff was asked to resign or be terminated from his employment. After he refused to resign, Plaintiff worked for NIEHS until he was discharged on April 8, 1983.

Plaintiff initiated administrative proceedings as required in the regulations of the Equal Employment Opportunity Commission, 29 C.F.R. part 1613. He filed the complaint before this court when more than the statutorily required 180 days had

elapsed since he had filed the charge with the agency, and no final action had been taken upon his complaint.[2]

## DISCUSSION

Federal Rule of Civil Procedure 56(c) permits the court to grant summary judgment only if the pleadings, depositions, interrogatory answers, admissions, affidavits, and other documents show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden is on the moving party to make such a showing. The court must assess any inferences from the depositions and other documentary materials in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 944, 8 L.Ed.2d 176 (1962). Even if there is no dispute as to the evidentiary facts, summary judgment is inappropriate if there is a dispute as to the conclusion to be drawn from such facts. *Magill v. Gulf & Western Indus., Inc.,* 736 F.2d 976 (4th Cir.1984).

The issues that Plaintiff presents in his complaint and motion for summary judgment on the issue of liability address the questions of whether Defendant violated Section 501 by discharging Plaintiff "because of his handicap" or by failing to accommodate "his handicap." Before these claims may be litigated, Plaintiff must satisfy the threshold requirement that his fear of heights (or acrophobia) *does* qualify him as a *handicapped person.* This is statutorily defined as one who has a physical or mental impairment which substantially limits one or more of his major life activities, one who has a record of such impairment, or one who is regarded as having such impairment. 29 U.S.C. §§ 706(7)(B)(i), (ii), and (iii).

Plaintiff presents no "record of such impairment" to make applicable Section

---

**1.** The court's summary of the factual background is taken from the pleadings, briefs, and depositions of the parties.

**2.** Section 505(a)(1), 29 U.S.C. § 794a(a)(1), makes available to federal employees claiming a violation of § 501, 29 U.S.C. § 791, the remedies and procedures available under § 717 of Title VII, 42 U.S.C. § 2000e–16.

706(7)(B)(ii) of the Act. Evidently his previous engineering jobs with the Navy and with Nassau County, New York, as well as his current employment with the Marriott Hotel in Greensboro, North Carolina, have not involved responsibilities that raised the issue of Plaintiff's acrophobia. The only medical record submitted by either party is the result of a February 17, 1983, examination which was requested by NIEHS, and performed by the Agency's physician. This report makes note of Plaintiff's acrophobia, as described by Plaintiff, under the section asking for the physician's summary of any conditions which "would limit this person's performance of the job duties and/or make him a hazard to himself or others," (even though ultimately the physician does recommend that Plaintiff be "hired or retained").

Further, Plaintiff does not develop any persuasive argument for defining his acrophobia as a physical or mental impairment which substantially limits one or more major life activities, in order to bring this case under 29 U.S.C. § 706(7)(B)(i). He suggests that the loss of this job should suffice as an "effect" on a major life activity. This approach ignores the statutory language: "*substantially limits* one or more ... major life activities." (emphasis added.) This analysis is also inconsistent with the cases that have analyzed the Act's definition of a handicapped person.

The Supreme Court has articulated the distinction between acts of accommodation and affirmative action required by Section 501 (and now Section 505) and the prohibitions on discrimination set forth in Section 504, as they are applied to *handicapped* individuals. *Southeastern Community College v. Davis*, 442 U.S. 397, 410, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979). This court agrees with Plaintiff that this distinction should be maintained in evaluating an employer's obligation of accommodation. However, the threshold question of whether the Plaintiff *is* handicapped for the purposes of Sections 501, 504, and 505 may be informed by cases dealing with any of these Rehabilitation Act sections. The Fifth Circuit recognized the relationship between Sections 501 and 504 in defining the statute's reference to an "otherwise qualified handicapped individual." *Prewitt v. U.S. Postal Service*, 662 F.2d 292 (1981).

A 1980 district court case has been recognized, by prominent authorities in this area and other courts, as one of the most comprehensive analyses of the Rehabilitation Act's meaning and requirements. *E. E. Black Ltd. v. Marshall*, 497 F.Supp. 1088, 23 Fair Empl.Prac.Cas. 1253 (D. Hawaii 1980). The court emphasized the importance of a case-by-case determination of whether the impairment, or perceived impairment, constituted a substantial handicap to employment. *Id.* at 1100. The court concluded that an impairment which interfered with an individual's ability to do a particular job, but did not significantly decrease that individual's ability otherwise to obtain satisfactory employment in his field, was not *substantially* limiting within the meaning of the statute. *Id.* at 1099–1100. Indeed, an example used by the court of an individual who was not handicapped within the statute's meaning was that of an employee whose *acrophobia* would disqualify him for one job but not for others. *Id.* at 1099. The Supreme Court of Utah also interpreted identical language in a state statute to mean that "one particular job for one particular employer cannot be a major life activity." *Salt Lake City Corp. v. Confer*, 674 P.2d 632, 636–37 (Utah 1983).

A recent Sixth Circuit case cited by Defendant also follows the principle expressed above. *Jasany v. U.S. Postal Service*, 755 F.2d 1244 (6th Cir.1985). Plaintiff contends that this case bears no relation to the litigation before this court. However, this court finds that the fact patterns are, indeed, quite similar.

Jasany's strabismus (crossed-eyes condition) made it impossible for him to perform an essential part of his job with the United States Postal Service. The Sixth Circuit held that this condition "had never had any effect whatsoever on any of his activities, including his past work history and ability to carry out other duties at the post office

apart from operation of [the machine which aggravated his condition]." Thus, the court held that the district court had erred as a matter of law in finding that he was handicapped. *Jasany* at 1250. The court further held that the post office was not required to accommodate Jasany by eliminating one of the essential functions of his job. *Id.*

In the instant case, the parties agree that Plaintiff Forrisi is unable to climb above a certain height. Such climbing is included in Plaintiff's job description and it appears to be part of the job's required activities, even though the parties dispute the frequency of such climbing and its circumstances. The Plaintiff admits that he had no difficulty in obtaining other jobs in his field prior to this one, and Defendant's uncontroverted allegation is that Plaintiff is currently employed once again as an engineer. This court is persuaded by the reasoning of the cases cited and the legislative history of the Act that Plaintiff Forrisi does not qualify as handicapped under 29 U.S.C. § 706(7)(B)(i).

Plaintiff bases his claim for protection under the Act primarily upon 29 U.S.C. § 706(7)(B)(iii). This is the portion of the definition that includes those persons who are "regarded as having such impairment." Plaintiff's focus on the words "regarded as" in this third clause ignores the fact that the individual who does not technically come within the first clause, § 706(7)(B)(i), must still be "regarded as having *such impairment*" or be regarded as handicapped. (emphasis added.) Application of this clause requires a definition of "handicapped" or "impairment." In order to maintain the internal coherence of subsection 706(7)(B), this definition must be synonymous with the definition of "impairment" developed for § 706(7)(B)(i). Thus, since Plaintiff does not allege a condition which could be regarded as substantially limiting a major life activity, which in this case would be obtaining employment in his chosen field, he may not base his claim upon § 706(7)(B)(iii).[3]

For the foregoing reasons this court will deny Plaintiff's motion for partial summary judgment and grant Defendant's motion for summary judgment.

---

**3.** Even if Plaintiff could claim protection of this Act as a handicapped individual, this court would not grant him summary judgment on the "accommodation" issue, as Defendant's responsive pleading and the depositions submitted raise genuine issues of material fact in this regard. However, this court need not address the accommodation issues.