Louis P. FORRISI, Appellant,

v.

Otis R. BOWEN, Appellee.

No. 85–2317.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1986.

Decided June 25, 1986.

Louis L. Lesesne, Jr. (Gillespie & Lesesne, Charlotte, N.C., on brief) for appellant.

Timothy M. White, Dept. of Health and Human Services, Washington, D.C. (Kenneth W. McAllister, U.S. Atty., Harry L. Hobgood, Asst. U.S. Atty., Greensboro, N.C., on brief) for appellee.

Before WIDENER and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

WILKINSON, Circuit Judge:

The sole question is whether the plaintiff, fired because of his fear of heights, may claim the protection of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* We conclude that plaintiff's acrophobia is not a handicap for which he may claim relief from discrimination, and we affirm the summary judgment in favor of defendant.

## I.

The Department of Health and Human Services hired Louis P. Forrisi in February 1983 as a utility systems repairer and operator in the Office of Facilities Engineering of the National Institute of Environmental Health Services (NIEHS). The job description requires that the occupant be able to climb stairways and ladders both for emergencies and for routine maintenance. During an introductory tour of the plant at Research Triangle Park, North Carolina, Forrisi told his supervisor that he could not climb to certain heights. Management officials responded that Forrisi therefore could not satisfy the requirements of his job. Forrisi insisted that he could do the necessary work, particularly if the employer would make some adjustments to accommodate his fears. In April 1983, HHS informed Forrisi that it had terminated his appointment because he was "medically unable to perform the full range of the duties of [his] position." Forrisi charged that the decision constituted illegal discrimination against a handicapped person, and, after exhausting the available administrative remedies, brought this lawsuit under § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a.

## II.

To succeed in his claim, Forrisi must first establish that he is a handicapped person within reach of the statute. The Rehabilitation Act of 1973, as amended, defines the term "handicapped individual" at 29 U.S.C. § 706(7)(B) as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." The district court correctly held that plaintiff failed to satisfy this threshold test.

The question of who is a handicapped person under the Act is best suited to a "case-by-case determination," *E. E. Black, Ltd. v. Marshall*, 497 F.Supp. 1088, 1100 (D.Hawaii 1980), as courts assess the effects of various impairments upon varied individuals. The definitional task cannot be accomplished merely through abstract lists and categories of impairments. The inquiry is, of necessity, an individualized one—whether the particular impairment constitutes for the particular person a significant barrier to employment. Relevant to the inquiry are "the number and type of jobs from which the impaired individual is disqualified, the geographical area to which the individual has reasonable access, and the individual's job expectations and training." *Jasany v. United States Postal Service*, 755 F.2d 1244, 1249 (6th Cir.1985).

The statutory language, requiring a *substantial* limitation of a *major* life activ-

934

ity, emphasizes that the impairment must be a significant one. It was open to Congress to omit these limiting adjectives, but Congress did not do so. *Tudyman v. United Airlines*, 608 F.Supp. 739, 745 (C.D.Cal. 1984). The Rehabilitation Act assures that truly disabled, but genuinely capable, individuals will not face discrimination in employment because of stereotypes about the insurmountability of their handicaps. It would debase this high purpose if the statutory protections available to those truly handicapped could be claimed by anyone whose disability was minor and whose relative severity of impairment was widely shared. Indeed, the very concept of an impairment implies a characteristic that is not commonplace and that poses for the particular individual a more general disadvantage in his or her search for satisfactory employment. *Jasany v. United States Postal Service*, 755 F.2d at 1249.

■ Forrisi does not maintain that his acrophobia substantially limits his major life activities or that he has a history of an impairment that so limits him. To the contrary, he reported in deposition testimony that "My fear of heights never affected my life at all on any job or anything" and that "It never was a problem before I got this job here at NIEHS. It never was a problem." *Cf. Jasany v. United States Postal Service*, 755 F.2d at 1250 (plaintiff was not handicapped under § 706(7)(B)(i) because he stipulated that his "condition had never had any effect whatsoever on any of his activities, including his past work history").

■ Forrisi argues instead that § 706(7)(B)(iii) extends to his situation because, though not in fact a handicapped individual, he was perceived as being so. HHS, he claims, regarded him as having an impairment that substantially limited one of his major life activities. The Equal Employment Opportunity Commission, which is responsible for federal employers' compliance with the Rehabilitation Act, has issued regulations that define "is regarded as having an impairment" to mean

(1) has a physical or mental impairment that does not substantially limit major

life activities but is treated by an employer as constituting such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of an employer toward such impairment; (3) or has none of the impairments defined in (b) of this section but is treated by an employer as having such an impairment. 29 C.F.R. § 1613.702(e). The EEOC has also defined "major life activities" to include "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, and working." 29 C.F.R. § 1613.702(c). In this case, we owe deference to the EEOC construction because of the active Congressional participation in the administrative process and the resulting correspondence between the regulation and the legislative purpose as expressed in Senate Report No. 93–1297, *reprinted in* 1974 U.S. Code Congressional and Administrative News 6373, 6389–90. *See Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 634 n. 15, 104 S.Ct. 1248, 1255 n. 15, 79 L.Ed.2d 568 (1984).

The statute and regulations both focus our attention on the claim that Forrisi's acrophobia did not substantially limit any of his major life activities but that HHS nevertheless treated the condition as such a handicap on his ability to work. We must identify the degree to which HHS could consider Forrisi's acrophobia to restrict his ability to work without, in the statutory sense, considering the acrophobia to be a substantial limitation in violation of § 706(7)(B)(iii). Forrisi urges a statutory violation on the theory that HHS must have regarded Forrisi as substantially limited in his ability to work when the Department found him unable to perform his job at NIEHS.

■ Several courts have previously addressed this issue, deciding unanimously that an employer does not necessarily regard an employee as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job. *See de la Torres v. Bolger*, 610 F.Supp. 593, 597 (N.D.Tex.1985) (employer

regarded employee as left-handed); *Tudyman v. United Airlines*, 608 F.Supp. at 746 (employer regarded employee as overweight); *E. E. Black, Ltd. v. Marshall*, 497 F.Supp. at 1101. The statutory reference to a substantial limitation indicates instead that an employer regards an employee as handicapped in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved. The court in *E. E. Black, Ltd. v. Marshall* illustrated the conclusion with an example that anticipated Forrisi's predicament as well as his argument. If the Rehabilitation Act extended to all individuals who have been rejected from a particular job because of a perceived inability to perform that job, the court reasoned, the Act would cover an individual with acrophobia "who was offered 10 deputy assistant accountant jobs with a particular company, but was disqualified from one job because it was on the 37th floor." 497 F.Supp. at 1099. The court found that any such interpretation would contravene the exclusive statutory concern for *substantial* limitations, whether genuine or perceived.

We agree both with this theoretical position and with its application to the problem of acrophobia. HHS never doubted Forrisi's ability to work in his chosen occupation of utility systems repair. The Department merely saw him as unable to exercise his acknowledged abilities above certain altitudes in this NIEHS plant. The district court noted that plaintiff "had no difficulty in obtaining other jobs in his field prior to this one, and defendant's uncontroverted allegation is that plaintiff is currently employed once again as an engineer." *Forrisi v. Heckler*, 626 F.Supp. 629, 632 (M.D.N.C.1985). The record demonstrates that the employer's perception accorded with these facts. Far from being regarded as having a "substantial limitation" in employability, Forrisi was seen as unsuited for one position in one plant—and nothing more.

As one court has noted, adoption of Forrisi's reasoning would imply that anyone who failed to obtain a single job because of a single requirement of employment would become a handicapped individual because the employer would thus be regarding the applicant's failure as a handicap. *Tudyman v. United Airlines*, 608 F.Supp. at 746. Such a reading would stand the Act on its head. The Rehabilitation Act seeks to remedy perceived handicaps that, like actual disabilities, extend beyond this isolated mismatch of employer and employee.

The judgment of the district court is AFFIRMED.