92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack I. MATTHEWS, a married man, Plaintiff-Appellant,
v.
Janet RENO, in her official capacity as Attorney General of
the United States, and Joel Knowles and Jane Doe
Knowles, husband and wife, Defendants-Appellees
 No. 95-15668.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1996.
Decided July 23, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Jack Matthews ("Matthews") appeals a district court Order granting summary judgment for U.S. Attorney General Janet Reno (the "Attorney General"), in Matthews' action under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). We AFFIRM.
 
 I.
 
 4
 On September 24, 1991, Matthews was terminated from his position as a Cook Foreman at the Federal Correctional Institution in Tucson (FCI-Tucson). Matthews had been employed at FCI-Tucson for nearly a decade, but was terminated due to his inability to physically fulfill his job requirements. This inability was the result of a knee injury, that FCI-Tucson believed prevented Matthews from properly responding to emergency situations.
 
 
 5
 On November 23, 1993, Matthews filed a complaint in the United States District Court for the District of Arizona.[1] The complaint alleged that Matthews had been terminated due to his handicap or disability in violation of the Rehabilitation Act of 1973, codified at 29 U.S.C. Section 701, et seq. (the "Act"). On December 21, 1994, the Attorney General filed a motion to dismiss or for summary judgment. The district court granted the Attorney General's motion for summary judgment in a March 20, 1995, Order. Matthews filed a timely appeal on March 31, 1995.
 
 II.
 
 6
 We review the district court's grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). Summary Judgment shall be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).
 
 
 7
 The Rehabilitation Act of 1973, 29 U.S.C. § 794(a), provides that, "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination under any program or activity conducted by an Executive Agency."[2] In order for Matthews to succeed on an employment discrimination claim under the Act, he must prove:
 
 
 8
 (1) that he has a "disability" within the meaning of the Act;
 
 
 9
 (2) that he is "otherwise qualified" for the job; and
 
 
 10
 (3) that the employer took adverse action "solely" because of the disability.
 
 
 11
 29 C.F.R. § 1613.701-709. An "individual with a disability" is any person who:
 
 
 12
 (1) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment.
 
 
 13
 29 U.S.C. § 706(8)(B). Matthews asserts that his prior injuries and prior accommodation by FCI-Tucson established that he was handicapped. In the alternative, he argues that he was regarded as having a handicap. Both of these arguments lack merit.
 
 
 14
 First, while "working" is defined as a "major life activity," 45 C.F.R. § 84.3(j)(2)(i) and (ii) (1993), Byrne v. Board of Educ. Sch. Dist. of West Allis-West Milwaukee, 979 F.2d 560, 563 (7th Cir.1992), a disability is generally considered to "substantially limit" one's ability to work, only if it forecloses a plaintiff from "generally the type of employment involved" and not merely the singular requirements of a specific job. Forrisi v. Bowen, 794 F.2d 931, 933-34 (4th Cir.1986). Furthermore, "an impairment that disqualifies a person from only a narrow range of jobs is not considered substantially limiting." Heilwell v. Mount Sinai Hosp., 32 F.3d 718, 723 (2nd Cir.1984), cert. denied, 115 S.Ct. 1095 (1995). "Inability to perform a particular job for a particular employer is not sufficient to establish a handicap; the impairment must substantially limit employment generally." Byrne v. Board of Educ. School of W. Allis-W Milwaukee, 979 F.2d at 565.
 
 
 15
 Matthews' knee injury limited his ability to kneel, twist, make rapid movements, etc. It did not, however, substantially limit any of his major life activities, such as working or walking. In fact, his treating physician, Dr. Gettel, specifically stated that Matthews could walk; admitted Matthews' condition was temporary; and stated that Matthews could do some maintenance work with limitations. The only reason for Matthews' dismissal, as admitted by Warden Knowles, was that Matthews' knee injury prevented him from fulfilling the critical job requirement of responding to emergency situations within the prison. Matthews, as Cook Foreman at FCI-Tucson, held a position with unique job requirements that he was unable to fulfill. That Matthews was unable, due to his physical condition, to meet these requirements, does not mean he is disabled within the meaning of the Act. Unfortunately, Matthews has failed to present evidence of an inability to find employment outside of the prison. Therefore, while Matthews may be unable to perform a narrow range of jobs, there is no reason he cannot still find employment generally.
 
 
 16
 Additionally, Matthews was not "regarded as having a disability," by FCI-Tucson. An employee is not "regarded as having an impairment," simply because that employee "is incapable of satisfying the singular demands of a particular job." Forrisi v. Bowen, 794 F.2d at 934. Matthews presented no credible evidence that FCI-Tucson perceived him as a "disabled" individual. Accordingly, we find that Matthews was not "disabled" within the meaning of the Act, and therefore, he fails to make out a prima facie case of discrimination under the Act. Therefore, we do not address Matthews' other arguments on appeal.
 
 III.
 
 17
 For the foregoing reasons, the Judgment of the United States District Court for the District of Arizona is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 18
 I dissent. I believe that a genuine issue of fact exists with respect to whether Matthews was disabled. Accordingly, I would reverse the grant of summary judgment and remand for further proceedings.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint originally included Warden Joel Knowles and Jane Doe Knowles, husband and wife, as defendants, and included claims for wrongful discharge, tortious interference with employment, and age discrimination. The district court granted a partial judgment terminating Warden Knowles and Jane Doe Knowles and dismissing the state law claims. Matthews does not appeal this portion of the district court's judgment
 
 
 [2]
 The 1992 amendment to 29 U.S.C. § 794(a) substituted the words "disability" for "handicap." Any references to pre-1992 cases will use the term "handicap."