### Nolan E. MOTICHEK

v.

### BUCK KREIHS COMPANY, INC.

### Civil Action No. 96–616.

United States District Court,
E.D. Louisiana.

Nov. 18, 1996.

---

Thomas Joseph Hogan, Jr., Hogan & Hogan, Hammond, LA, William Martin McGoey, Reinhardt & McGoey, Metairie, LA, for Plaintiff.

Ellis B. Murov, Charles F. Seeman, III, Deutsch, Kerrigan & Stiles, New Orleans, LA, Peter Joseph Butler, Peter J. Butler, Jr., Richard G. Passler, Breazeale, Sachse & Wilson, New Orleans, LA, for Defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is a motion for summary judgment filed by the defendant, Buck Kreihs Company, Inc. ("Buck Kreihs"). For the reasons that follow, the motion is GRANTED.

**BACKGROUND:** Plaintiff, Nolan E. Motichek, began working for Buck Kreihs in 1977. Except for one brief stint with another employer, plaintiff worked for Buck Kreihs until September 29, 1994, when he was discharged from his position as ship superintendent. As a result of his discharge, plaintiff brought this action against Buck Kreihs, alleging breach of contract, intentional infliction of emotional distress, and violations of the Americans with Disabilities Act ("ADA") and its Louisiana counterpart, the Civil Rights Act for Handicapped Persons.[1] Plaintiff has subsequently dismissed his intentional infliction of emotional distress claim.

---

1. La.Rev.Stat. Ann. § 46:2251–2256 (West 1982 & Supp.1996).

*ANALYSIS:* Defendant seeks summary judgment, dismissing plaintiff's breach of contract claim and his claims under the ADA and the Civil Rights Act for Handicapped Persons.

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir.1995). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

■ **A. *Breach of Contract Claim:*** Defendant argues that plaintiff's breach of contract claim must be dismissed because plaintiff was hired under an oral contract for an indefinite term. The Court agrees. Under Louisiana law, it is well-settled that a contract for an unspecified duration may be terminated at the will of either party. *See* La. Civ.Code Ann. art.2024 & comment (c) (West 1987); *see also Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1103–04 (La.1988). Although plaintiff puts forth creative arguments as to why the law should be to the contrary, it is not for this federal court

sitting in diversity to take state law down a new path. Accordingly, this claim must be dismissed.

■ **B. *Discrimination Claims:*** The defendant seeks dismissal of the plaintiff's discrimination claims on grounds that plaintiff is not an "individual with a disability" under the ADA (or a "handicapped person" under Louisiana law) and that plaintiff can produce no credible evidence that defendant's proffered reasons for discharging plaintiff (*i.e.,* nonperformance of job duties and damage to a company vehicle) are a pretext for discrimination. Because the Court agrees that plaintiff is not an "individual with a disability" or a "handicapped person," the Court need not address defendant's latter argument.

■ The ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a).[2] Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual." 42 U.S.C. § 12102(2)(A).[3] In addition, an individual is considered to have a disability if he has a record of or is regarded as having such an impairment. *See* 42 U.S.C. § 12102(2)(B) and (C).[4] "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).[5]

■ An impairment is considered to "substantially limit" a major life activity if it "significantly restrict[s] . . . the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii). However, where the major

---

**2.** *See also* La.Rev.Stat. Ann. § 46:2254(C) (West 1982).

**3.** The definition of "handicapped person" under Louisiana's Civil Rights Act for Handicapped Persons is almost identical to the ADA's definition of "individual with a disability." *See* La. Rev.Stat. Ann. § 46:2253(1) (West 1982).

**4.** *See also* La.Rev.Stat. Ann. § 46:2253(1)(a) and (b) (West 1982).

**5.** *See also* La.Rev.Stat. Ann. § 46:2253(3) (West 1982).

life activity at issue is working, "[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(ii). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.*

Plaintiff admits that he has no physical or mental impairment that substantially limits one or more of his major life activities and that his discrimination claim is based solely on his assertion that the defendant regarded him as having such an impairment. *See* Defendant's Exhibit B. Specifically, plaintiff claims that he was regarded by defendant as being mentally incapable of handling the duties and responsibilities of a ship superintendent.

To support this claim, plaintiff offers only his own deposition testimony regarding a conversation that allegedly transpired between plaintiff and his supervisor, Cliff Tonguis, when plaintiff reported back to work after leave of absence. According to the plaintiff, he left work on July 1, 1994, after asking Mr. Tonguis for some time off to take care of some personal problems. In his deposition, plaintiff explains that these personal problems involved his wife, who had locked him out of the family home and had placed a "pick-up order" on him.[6] The record indicates that this "pick-up order" was, in fact, an application to have plaintiff committed on an emergency coroner's certificate.[7] Plaintiff was admitted to Baton Rouge General Medical Center on July 12, 1994. On August 17, 1994, plaintiff returned to work with a return-to-work certificate, signed by his physician, indicating that the plaintiff should be excused from his missed work "due to depression" and that he was released to return to work with no limitations.[8] According to the plaintiff, when he told Tonguis that he was ready to come back to work, Tonguis said, "I don't think you're ready to come back," suggesting to the plaintiff that "he wasn't sure that I [the plaintiff] was mentally capable of handling the duties or responsibilities of a ship superintendent."[9] Nevertheless, Tonguis allowed plaintiff to return to work as ship superintendent, overseeing jobs and performing precisely the same duties as before his leave of absence.[10]

Defendant argues that plaintiff's claim must fail because, even if it is true that plaintiff was regarded by Buck Kreihs as being incapable of handling the duties of his particular job, this does not constitute a "disability." The Court agrees. For plaintiff to succeed on his claim, he must show that he was " 'regarded as having ... an impairment' that substantially limits one or more of his major life activities." *See Rogers v. International Marine Terminals, Inc.,* 87 F.3d 755, 760 (5th Cir.1996).[11]

The plaintiff does not delineate his position with any detail. However, his contention appears to be that he was regarded by the defendant as having a mental impairment that substantially limited him in the major life activity of working.[12] As explained earlier, where the major life activity at issue is working, "[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad

---

6. *See* Defendant's Exhibit A, at pp. 116–18.

7. *See* Plaintiff's complaint, at paragraph 13.

8. *See* Defendant's Exhibit D.

9. *See* Defendant's Exhibit A, at pp. 87–88.

10. *Id.* at pp. 91, 94.

11. "Regarded as having such an impairment" means that the individual: "(1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by [the employer] as constituting such limitation; (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) Has [no physical or mental impairment] but is treated by [the employer] as having a substantially limiting impairment." 29 C.F.R. § 1630.2(*l*)(1)-(3). Because plaintiff has admitted that he has no substantially limiting physical or mental impairment, only the third definition is applicable here.

12. Certainly, plaintiff has offered no evidence that defendant regarded him as having an impairment that was substantially limiting with regard to any other of plaintiff's major life activities.

range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(ii). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* Likewise, being regarded as unable to perform the duties of a single, particular job falls short of the ADA's criteria for establishing that an individual has a "disability" under 42 U.S.C. § 12102(2)(C) and 29 C.F.R. § 1630.2(*l* )(3).[13]

Thus, even if Tonguis did make the alleged statement and even if this alone were sufficient to give rise to a reasonable inference that defendant regarded plaintiff as mentally incapable of performing the duties of his specific job—that of ship superintendent, the plaintiff nevertheless fails to establish a genuine issue with regard to whether he is an "individual with a disability" within the meaning of the ADA. Moreover, the plaintiff's allegation in this regard is utterly contradicted by his own deposition testimony that, after making the alleged statement, Tonguis allowed plaintiff to return to work, overseeing jobs as ship superintendent.[14] Certainly, the plaintiff has presented no evidence that the defendant regarded him as having an impairment that significantly restricted him in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.[15]

Thus, for the foregoing reasons, the Court finds that plaintiff is not an "individual with a disability" under the ADA. Nor does plaintiff satisfy the virtually identical definition of "handicapped person" under Louisiana's Civil Rights Act for Handicapped Persons. *See* La.Rev.Stat. Ann. § 46:2253(1) (West 1982).

Accordingly, IT IS ORDERED that defendant's Motion for Summary Judgment is HEREBY GRANTED, and all of plaintiff's remaining claims against the defendant in this matter are HEREBY DISMISSED with prejudice.

---

**13.** *See Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 728 & n. 20 (5th Cir.1995) (citing with approval *Forrisi v. Bowen,* 794 F.2d 931, 935 (4th Cir.1986)). In *Forrisi,* the court held that the "substantial limitation" requirement is not met where an employer simply regards the employee as "incapable of satisfying the singular demands of a particular job." *Forrisi,* 794 F.2d at 934. Rather, it is met when the employer "find[s] the employee's impairment to foreclose generally the type of employment involved." *Id.* at 935.

**14.** *See supra,* note 10.

**15.** In fact, plaintiff conceded in his deposition that no one at Buck Kreihs ever suggested that he was to perform any other job or any other category of jobs in shipbuilding or ship repairing industries. *See* Defendant's Exhibit, at pp. 92–93.