**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER G. STEINACKER,
Plaintiff-Appellant,

v.                                                                  No. 96-2232

NATIONAL AQUARIUM IN BALTIMORE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-1911-S)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER,* LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph C. Knepper, LEVIN & GANN, P.A., Baltimore, Maryland,
for Appellant. Ronald W. Taylor, Todd J. Horn, VENABLE, BAET-
JER & HOWARD, L.L.P., Baltimore, Maryland, for Appellee.

_____

*Judge Niemeyer did not participate in consideration of this case. The
opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d)
(1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger G. Steinacker appeals the district court's adverse grant of summary judgment on his complaint alleging employment discrimination on the bases of physical handicap and age, and retaliation, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 (1994) ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1994), ("ADEA"). Steinacker worked as an electrician for the National Aquarium in Baltimore (the Aquarium).

Steinacker claims that he was discriminated against on account of his age, a perceived or actual disability, and/or retaliation for exercising his federally protected rights when he was laid off by the Aquarium after having sustained a back injury, and a painful condition in his hands, which limited his ability to perform his regular job duties for a time. The Aquarium claims that Steinacker's layoff was a result of cost-cutting measures. Specifically, it claims that only one electrician was needed to perform all work required for the Aquarium, and an electrician other than Steinacker was retained in the job based on non-discriminatory reasons. For the reasons stated below, we affirm the district court's order.

As a preliminary matter, Steinacker claims that the district court erred in granting summary judgment for the Aquarium before discovery had been conducted by the parties. We find this claim to be without merit. As the district court held, Steinacker failed to identify any documents he needed which would have created a genuine issue of material fact such that he could stave off summary judgment. See Fed. R. Civ. P. 56(f); Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

As to Steinacker's claim of disability discrimination, we agree with the district court that Steinacker's claim is limited to his claim of per-

2

ceived disability. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (specifying limitations on categories of Title VII claims properly brought in district court). Because there is no evidence beyond Steinacker's subjective beliefs to prove a prima facie case of discrimination on the basis of perceived disability, the district court properly granted summary judgment on this claim. See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). Even assuming that the other ADA claims Steinacker sought to raise were properly before the district court, we find that the district court correctly held that Steinacker failed to satisfy the threshold test establishing that he had a statutorily-defined and qualified disability that was known to the Aquarium at the time of Steinacker's layoff. See, e.g., Forrisi v. Bowen, 794 F.2d 931, 933 (4th Cir. 1986). Moreover, Steinacker's failure to accomodate claim is without merit because there is no evidence that he requested an accomodation for a statutorily-defined disability. See 42 U.S.C. § 12101(2) (1994).

We further find Steinacker's ADEA claim to be without merit. There is no evidence that the retained electrician was performing at a level lower than that at which Steinacker was performing--thus Steinacker has not proven a prima facie ADEA case. See Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

Even assuming that Steinacker met his prima facie burdens under the ADA and/or the ADEA, we find that there is no evidence, other than Steinacker's subjective beliefs, that the Aquarium's proffered reasons for selecting Steinacker for layoff were pretexual. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

Finally, because there is no evidence that Steinacker's filing of a discrimination claim was known to the decision maker before the decision was make to lay him off, Steinacker's retaliation claim likewise is without merit. See, e.g., Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990) (discussing causal connection requirement).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3