**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL F. FRYER,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 96-2080

ENGELHARD CORPORATION,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William M. Catoe, Jr., Magistrate Judge.
(CA-94-802)

Submitted: June 12, 1997

Decided: June 23, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen H. Brown, BROWN & MOONEYHAM, L.L.P., Greenville,
South Carolina, for Appellant. Stanford G. Wilson, Sharon P. Mor-
gan, ELARBEE, THOMPSON & TRAPNELL, Atlanta, Georgia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul F. Fryer appeals the magistrate judge's order granting summary judgment in favor of Engelhard Corporation in this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623 (West 1985 & Supp. 1997), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 (1994). [1] On appeal, Fryer contends that the district court erred in dismissing his claims that his age (forty-eight at the time of his termination) and his perceived disability ("platinosis") were determining factors in his termination during a reduction in force at an Engelhard laboratory. We affirm.

To establish a prima facie case of age discrimination in a reduction in force case, a plaintiff must prove that (1) he is in the protected age group (defined as an individual at least forty years old, 29 U.S.C. § 631(a) (1994)); (2) that he was discharged; (3) that at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) that substantially younger persons were retained in the same position or that there was some other evidence that the employer did not treat him age neutrally in deciding to dismiss him. See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243, 4244 (U.S. Apr. 1, 1996) (No. 95-354); Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir. 1988). An ADEA plaintiff meets the fourth element of his prima facie case under the "other evidence" prong only by offering evidence from which age discrimination may reasonably be inferred. See Blistein v. St. John's College, 74 F.3d 1459, 1471 (4th Cir. 1996). There is no dispute that Fryer satisfies the first three requirements.

Fryer argues that he satisfies the fourth element because his former

_____

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1997).

2

duties were assumed by Susan Willard and Ron Blevins, two substantially younger employees. Fryer's responsibilities covered new research and development (including "copper collection"), serving as a technical adviser to the lab technicians, addressing customer-related concerns, and working on the self-sufficiency program. While no retained employee performed the exact same duties, Fryer asserts that the assignment of certain of his responsibility to Willard and Blevins constituted other "evidence that the employer did not treat age neutrally."

To support this contention, Fryer submits performance management summary documents for Willard and Blevins. Willard's document, dated two months after Fryer's termination, lists reinitiating the self-sufficiency plan for the laboratory, including copper collection, as an objective for the following year.[2] Blevins' document, dated over a year later, discussed "independent assays and development" as a performance objective.[3] Even assuming certain of Fryer's duties were assigned to Willard and Blevins, this evidence is not conclusive of age discrimination. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 512 (4th Cir. 1994) (such an inference would transform the ADEA into a strict seniority protection system). Upon de novo review of the record which discloses the full context of Engelhard's reduction in force,[4] see Roe v. Doe, 28 F.3d 404, 406-07 (4th Cir. 1994) (standard of review), we find that Fryer's contentions based on Willard's and Blevins' performance objectives are insufficient to establish a prima facie case of age discrimination.

_____

[2] It is undisputed that the copper collection process was discontinued and was not performed since the reduction in force. Although Willard testified that self-sufficiency, including copper-collection, would be her responsibility if the resources became available, she did not and has not performed any of these duties since Fryer was terminated.

[3] The undisputed evidence shows that the development assigned to Blevins was a continuation of work he had been performing prior to Fryer's termination. Blevins' unrefuted testimony stated that he was not assigned additional job duties as a result of Fryer's termination.

[4] Of the thirteen employees who were laid off, only four were in the protected age group. Further, the average age of the full-time employees before the reduction in force was 37.5 years. The average age of the thirteen laid-off employees was 34.5 years.

3

Turning to Fryer's ADA claim, Fryer alleges that he has established a prima facie case because he has submitted evidence that Engelhard discriminated against him on the basis of a perceived disability, i.e. his sensitivity to platinum. It is undisputed that Fryer suffers from platinosis and that the defendant has been aware of Fryer's sensitivity since 1974. In support of his claim, Fryer submits evidence that the Human Resources Manager allegedly stated that "anybody who was diagnosed as platinosis would be barred from the plant." He also points out that he was voluntarily tested as part of a platinum sensitivity study, and several months after testing more sensitive than any other employee, he was terminated.[5]

To assert a claim under the ADA, a plaintiff must satisfy the threshold requirement of showing that he or she is disabled within the meaning of the statute. See Williams v. Channel Master Satellite Sys., 101 F.3d 346, 348-49 (4th Cir. 1996). An individual is "disabled" within the meaning of the ADA if he or she has (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C.§ 12102(2) (1994). Fryer readily admits that his major life activities are not limited by his platinosis. However, he claims that Engelhard regarded his platinosis as an impairment, thereby satisfying the third part of the definition.

Even assuming Fryer demonstrated a perceived impairment within the meaning of the statute, Fryer has not demonstrated that such impairment was perceived to substantially limit one or more of his major life activities. See Forrisi v. Bowen, 794 F.2d 931, 934 (4th Cir. 1986). While work is considered a major life activity, the inability to perform a single particular job does not constitute a substantial limitation of the individual's ability to work. See id. at 934-35. Fryer fails to dispute that Engelhard found him to be a competent employee. In addition, even assuming that the Human Resource Manager's statement could be imputed to Engelhard, it does not show that Engelhard considered Fryer limited in finding work in general. Therefore, even assuming Fryer's evidence was sufficient to show a perceived impair-

---

[5] Three of the five employees who tested positive for platinum allergy are still employed by Engelhard.

4

ment due to platinosis, it does not show that Engelhard perceived him to be substantially limited from employment.

For the foregoing reasons, we affirm the order of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5