131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
E. Richard EYSTER, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT,
Defendants-Appellees.
 No. 96-55859.
 United States Court of Appeals, Ninth Circuit.
 Nov. 28, 1997.
Argued and Submitted November 3, 1997
 
 Appeal from the United States District Court for the Central District of California
 BEFORE: CANBY and THOMPSON, Circuit Judges, and MOLLOY** District Judge.
 MEMORANDUM*
 Richard Eyster asserted claims of age, race, and disability discrimination in employment against Los Angeles and its police department ("LAPD"). He also asserted a claim under 42 U.S.C. § 1983 against the city, the LAPD, and two individual defendants, Scott LaChasse and Bayan Lewis. The district court granted summary judgment in defendants' favor on all claims. We affirm the district court with regard to Eyster's § 1983 claims.
 We reverse and remand with regard to Eyster's claims of age, race and disability discrimination.
 I.
 The facts of this case are known to the parties. We will repeat them here only as necessary.
 II.
 The task at hand is essentially the same for both Eyster's Title VII race discrimination claim and his Age Discrimination in Employment Act claim. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). The Air Support Division of the LAPD ("ASD") refused to hire Eyster for a supervisory position despite the fact that Eyster was well qualified. Eyster offered evidence which suggested that the ASD's decision was improperly motivated by considerations of race and age. ASD then proffered a legitimate, nondiscriminatory justification for its hiring decision. The district court concluded that Eyster failed to raise a genuine issue of material fact regarding whether ASD's justification was pretextual. That conclusion was erroneous.
 If the plaintiff has already produced direct or circumstantial evidence of discriminatory intent to establish a prima facie case, then the plaintiff has necessarily raised a material dispute regarding the legitimacy of the defendant's proffered justification. Sischo-Nownejad v. Merced Community College Dist. 934 F.2d 1104, 1110-11 (9th Cir.1991). If, however, the plaintiff relied merely on the McDonnell Douglas presumption to establish a prima facie case, then he must produce evidence suggesting pretext to avoid summary judgment. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-90 (9th Cir.1994). In the present case, Eyster established a prima facie case for age and race discrimination by offering evidence of ASD's discriminatory intent. Accordingly, summary judgment was inappropriate.
 III.
 Eyster asserted an Americans with Disabilities Act ("ADA") claim under a "perceived disability" theory. The district court dismissed the claim on the ground that a "disqualification from one job is not a disability within the meaning of the ADA." We reverse and remand on the ground that the district court erroneously concluded that a disqualification from a single job cannot constitute a violation of the ADA.
 It is true that a person is not disabled merely because he has a physical or mental impairment that prevents him from performing the singular aspects of a particular job.[1] However, the ADA does prevent a covered employer from basing a hiring decision--even just once--on the myths, fears and stereotypes associated with disabilities. See School Board of Nassau County v. Arline, 480 U.S. 273, 284 (1987). A person is disabled if, inter alia, others perceive that person as having an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(C) (1994).
 In the present case, the evidence in the record does not suggest that a supervisory position with ASD presents unique physical demands. Therefore, the crucial question is whether Eyster's prior back injury, as perceived by the decisionmakers at ASD, would significantly limit Eyster's ability to find work across the spectrum of same or similar jobs. We do not settle that question here because the parties have not squarely addressed the issue. Therefore, we reverse and remand for further proceedings consistent with this disposition.
 IV.
 Regarding Eyster's § 1983 claim against Los Angeles and the LAPD, he does not allege that these defendants maintained a custom, practice, or policy of discrimination. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, even if Eyster had so alleged, no evidence in the record would support that allegation. Thus, we affirm the district court's dismissal of this claim.
 V.
 We also affirm the district court's conclusion that Eyster's § 1983 claim against defendants LaChasse and Lewis is time-barred. The alleged act of discrimination was ASD's refusal to hire Eyster. Eyster did not allege that the defendants committed any other closely related acts of discrimination within the limitations period. Thus, the statute of limitations was not tolled under the continuing violation doctrine. See Green v. Los Angeles County Superintendent of Sch. 883 F.2d 1472, 1480-81 (9th Cir.1989).
 State relation back rules govern in § 1983 cases. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989). Under the applicable California rule, Eyster's § 1983 claim against LaChasse and Lewis does not relate back to the original complaint. See Cal.Civ.Proc.Code § 474.
 Eyster argued that LaChasse and Lewis waived the statute of limitations defense by failing to raise it in their answer to the first amended complaint. The general rule is that a defendant should assert in his first responsive pleading that the plaintiff has failed to comply with the statute of limitations. See Fed.R.Civ.P. 8(c). In the present case, the defendants do not dispute that they failed to comply with that rule. However, a defendant may raise an affirmative defense for the first time in a motion for summary judgment if the delay does not prejudice the defendant. See Magana v. Northern Mariana Islands, 107 F.3d 1436, 1446 (9th Cir.1997). We conclude that Eyster was not prejudiced by the defendants' failure to plead statute of limitations in their answer.
 VI.
 Accordingly, we reverse and remand with regard to Eyster's claims of race and age discrimination on the ground that Eyster has raised a genuine issue regarding whether ASD's proffered legitimate, nondiscriminatory justification is pretextual. We reverse and remand with regard to Eyster's disability discrimination claim on the ground that the district court erroneously concluded that a disqualification from a single job cannot constitute a violation of the ADA. We affirm the district court with regard to Eyster's § 1983 claims.
 Eyster's entitled to his costs on this appeal.
 AFFIRMED in part; REVERSED in part; REMANDED.
 
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 For example, in Forrisi v. Bowen, 794 F.2d 931 (4th Cir.1986), a utility systems engineer applied for a job that required the climbing of ladders and stairs. The employer refused to hire him because he suffered from a fear of heights. The engineer subsequently found other work in his chosen field that allowed him to keep his feet on the ground. Thus, the engineer's impairment was not a disability because it did not substantially limit his ability to work, even though the impairment prevented him from securing one particular job. Id. at 934
 In Heilweil v. Mount Sinai Hospital, 32 F.3d 718 (2d Cir.1994), an asthmatic woman could not tolerate the working conditions in a hospital blood bank because the hospital's ventilation system periodically released diesel fumes into the blood bank's offices. Although the woman's asthma kept her from working in that particular department, her condition was not generally debilitating. Id. at 723.