**Betty GUPTON, Plaintiff–Appellant,**

v.

**COMMONWEALTH OF VIRGINIA; Ray D. Pethel; William Bryant, Defendants–Appellees.**

No. 92–1319.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 1, 1993.

Decided Jan. 13, 1994.

---

**204**

Willis James Spaulding, Charlottesville, VA, argued William H. Scheil, Jr., Rockville, VA, on brief, for plaintiff-appellant.

Guy Winston Horsley, Jr., Sr. Asst. Atty. Gen., argued (Mary Sue Terry, Atty. Gen. of Virginia, Gail Starling Marshall, Deputy Atty. Gen., and Neil A.G. McPhie, Sr. Asst. Atty. Gen., on brief), Office of the Atty. Gen., Richmond, VA, for defendants-appellees.

Before RUSSELL, NIEMEYER, and WILLIAMS, Circuit Judges.

## OPINION

DONALD RUSSELL, Circuit Judge:

Betty Gupton, an employee of the Virginia Department of Transportation (VDOT), appeals the district court's grant of summary judgment against her on her claim that VDOT's failure to provide her with a smoke-free workplace violated 42 U.S.C. § 1983. She also appeals the district court's rejection, after a bench trial, of her claim that this failure also violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. We find no error in the district court's orders and affirm.

### I.

Gupton was employed, beginning in March, 1990, as a highway utilities specialist at the VDOT's Fair Ridge office in Fairfax, Virginia. Gupton, who claims that she is allergic to or irritated by tobacco smoke, requested that the VDOT assign her to a cubicle in a non-smoking area of the office. Gupton's supervisor complied with her request, designating a wing of the office as a non-smoking area and assigning her to a cubicle in that wing that was located at least sixty feet from the nearest permissible smoking area. Gupton maintained, however, that she was still affected by the tobacco smoke in this new office arrangement. As a result, approximately one month after she had begun at the office, she took unpaid leave and has not returned to work there.

Gupton brought this action against the Commonwealth of Virginia and two of her superiors at the VDOT in the Eastern District of Virginia, claiming that the VDOT's failure to provide for her a smoke-free work environment violated 42 U.S.C. § 1983, by depriving her of her rights to due process and equal protection, as well as section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court granted summary judgment against Gupton on her section 1983 claim and, after a bench trial, rejected her section 794 claim as well.

### II.

■ The most significant issue raised by Gupton's appeal is whether the district court erred in rejecting her section 794 claim.[1] We find that it did not.

---

1. Gupton also argues that the district court erred    in granting summary judgment against her on

■ To prevail on her section 794 claim, Gupton had to establish that she was an "individual with handicaps" under that provision.[2] 29 U.S.C. § 794(a); *Forrisi v. Bowen,* 794 F.2d 931, 933 (4th Cir.1986). An "individual with handicaps" is defined, in pertinent part, as "any person who ... has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 706(8)(B). In its regulations, the Equal Employment Opportunity Commission has stated that the term "major life activities" means "functions ... such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c). Gupton contends that she qualifies as a handicapped individual within the meaning of section 794 because she showed that her allergy to tobacco smoke was a physical impairment which substantially limited one of her major life activities, that activity being working.

■ To establish that her tobacco smoke allergy substantially limited her ability to work, Gupton had to show not merely that her allergy made her "incapable of satisfying the singular demands of a particular job," *Forrisi,* 794 F.2d at 934, but that it "foreclose[d] generally [her opportunity to obtain] the type of employment involved," *id.* at 935.

In *Forrisi,* for example, a utility systems repairer, whose job required him to climb stairways and ladders, claimed that his acrophobia, or fear of heights, substantially limited his ability to work because it prevented him from performing his particular job. We rejected this claim, finding that while the repairer was, as a result of his acrophobia, "unsuited for one position in one plant," *id.,* he had shown "no difficulty in obtaining other jobs in his field," *id.*[3]

Gupton failed entirely to make this showing. While she did introduce evidence that her allergy to tobacco smoke made her unable to continue in her current position working as a highway utilities specialist in the VDOT's Fair Ridge office, she presented no evidence that her allergy foreclosed her generally from obtaining jobs in her field. To the contrary, in fact, after Gupton had left its Fair Ridge office, the VDOT offered her a position in her field at its nearby Leesburg office, which was smoke-free. She never responded to this offer.

■ Gupton, therefore, did not establish that her allergy to tobacco smoke substantially limited her ability to work, and she did not assert that it limited any other of her "major life activities." As a result, she failed to show that, on account of her tobacco

---

her section 1983 claim, which alleged that VDOT's failure to provide her with a smoke-free workplace violated her rights to due process and equal protection. We find that this argument is completely without merit, and reject it without further discussion.

**2.** In an amendment to section 794 enacted after the trial, the term "individual with handicaps" was replaced with the term "individual with a disability." The two terms, however, are defined identically. *See* 29 U.S.C. § 706(8)(B).

**3.** The other courts of appeals that have addressed the issue have almost unanimously agreed with our holding in *Forrisi* that, in order for a plaintiff to establish that he has an impairment that substantially limits his ability to work, he must show more than merely that the impairment barred him from one particular job. *Cook v. Rhode Island, Dep't of Mental Health, Retardation, & Hosps.,* 10 F.3d 17, 26 (1st Cir.1993); *Chandler v. City of Dallas,* 2 F.3d 1385, 1392–93 (5th Cir.1993); *Byrne v. Board of Educ.,* 979 F.2d

560, 565–66 (7th Cir.1992); *Welsh v. City of Tulsa,* 977 F.2d 1415, 1419 (10th Cir.1992); *Maulding v. Sullivan,* 961 F.2d 694, 698 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993); *Miller v. AT & T Network Sys.,* 915 F.2d 1404, 1404 (9th Cir.1990) (adopting district court opinion at 722 F.Supp. 633 (D.Or.1989)); *Daley v. Koch,* 892 F.2d 212, 215 (2d Cir.1989); *Jasany v. United States Postal Service,* 755 F.2d 1244, 1250 (6th Cir.1985).

Only the Eleventh Circuit has reached a different conclusion, in *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112 (11th Cir.1993). There plaintiffs were barred from serving as firefighters for the city because they had a skin condition that prevented them from shaving, and the fire department, for safety reasons, had a no-beard rule. The court, without making any further analysis or examining any caselaw, stated that the "firefighters would seem to qualify as handicapped individuals" under section 794 because their skin condition "substantially limit[ed] [their] ability to ... work on account of the no-beard rule." *Id.* at 1126 (quotations omitted).

smoke allergy, she was an "individual with handicaps" for the purposes of section 794,[4] and, thus, she was not entitled to recover under that provision.[5]

### III.

For the reasons stated, we affirm the district court's orders granting summary judgment against Gupton on her section 1983 claim and rejecting, after a bench trial, her section 794 claim.

*AFFIRMED.*

---

**4.** We recognize that the court in *Vickers v. Veterans Admin.*, 549 F.Supp. 85 (W.D.Wash.1982), addressed a factual situation similar to the one presented here and reached the opposite conclusion. In *Vickers*, an employee who was hypersensitive to tobacco smoke brought a section 794 claim against his employer, the Veterans Administration, for failing to provide for him a smoke-free workplace. The court concluded, without further discussion, that the employee qualified as handicapped because his hypersensitivity "limit[ed] at least one of his major life activities, that is, his capacity to work in an environment which is not completely smoke free." *Id.* at 87.

It appears that *Vickers* is no longer good law because its reasoning conflicts directly with the Ninth Circuit's later opinion in *Miller v. AT & T Network Sys.*, 915 F.2d 1404 (9th Cir.1990). *Miller* expressly adopted the district court's opinion, *Miller v. AT & T Network Sys.*, 722 F.Supp 633 (D.Or.1989). *Miller*, 915 F.2d at 1404. The district court's opinion states that, in order for a plaintiff to establish that he has an impairment that substantially limits his ability to work, he must show that it "substantially limit[s] [his] employability generally," *Miller*, 722 F.Supp. at 639. Because *Vickers* allowed the plaintiff to establish that he was handicapped merely by showing that his hypersensitivity to smoking substantially limited his ability to obtain a job in a non-smoke-free workplace, and did not require

that he establish that it substantially limited his employability generally, *Miller* seems to have effectively overruled it.

Moreover, even if *Vickers* was still good law, it also conflicts directly with *Forrisi*, where we stated that, for an impairment to substantially limit a plaintiff's ability to work, it must "foreclose generally [his opportunity to obtain] the type of employment involved," *Forrisi*, 794 F.2d at 935, *i.e.*, foreclose him generally from obtaining jobs doing the type of work plaintiff has chosen as his field. As a result, we must reject the analysis and holding of the *Vickers* court.

**5.** Gupton also contends that the district court erred in not allowing her a jury trial on her section 794 claim, which she requested. We need not address this contention. Had the district court allowed Gupton to try her section 794 claim before a jury, the district court properly would have granted judgment as a matter of law against her, Fed.R.Civ.P. 50(a), because, as we stated, her evidence did not even approach making the showing necessary to establish that she was a handicapped individual. As a result, her claim would not have been decided by the jury, and, thus, any error in refusing her a jury trial was necessarily harmless, Fed.R.Civ.P. 61. *See Sailor v. Hubbell, Inc.*, 4 F.3d 323, 327 (4th Cir.1993).