**Eleanor L. FREUND, Plaintiff,**

v.

**LOCKHEED MISSILES AND SPACE COMPANY, INC., Defendant.**

Civil Action No. CV295–139.

United States District Court, S.D. Georgia, Savannah Division.

May 28, 1996.

---

John Grey Hunter, Savannah, GA, for plaintiff.

William Melvin Haas, III, Haynsworth, Baldwin, Johnson & Greaves, P.A., Macon, GA, Charles F. Henley, Jr., Haynsworth, Baldwin, Johnson & Harper, Jacksonville, FL, for defendant.

## ORDER

ALAIMO, District Judge.

Plaintiff, Eleanor Freund, has brought the present action seeking recovery under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and state law. Currently before the Court is the motion of Defendant, Lockheed Missiles and Space Company, Inc. ("Lockheed"), for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, Lockheed's motion will be **GRANTED**.

## FACTS

Freund was hired by Lockheed on November 28, 1988. While employed with Lockheed, Freund received regular promotions. Beginning on February 17, 1993, Freund took a leave of absence to attend Marine Corps basic training. She returned to her position at Lockheed after her military training was completed. Shortly after her return, on June 11, 1993, Freund's right arm and shoulder were injured in an altercation with a co-worker. The co-worker was suspended.

Freund took several days off work after the incident. She was examined by a doctor who determined that her injuries limited her ability to lift heavy objects. Freund quickly recovered and, in July of 1993, was promoted to the position of missile material handler. In this position, she was routinely required to lift parts that weighed up to forty-five pounds.

On September 29, 1993, while performing her job duties, Freund reinjured her shoulder. Because of her health problems, she returned to her doctor in February of 1994. After several visits to numerous medical personnel, Freund had certain medical restrictions placed on her work duties. She was directed to refrain temporarily from using her right arm to lift objects weighing over ten pounds, push or pull items, work above the shoulder level, or make repetitive motions. Lockheed placed Freund on light duty to comply with the doctor's orders.

Freund remained on light duty for several months. At some point, however, Lockheed was informed that Freund's injuries were permanent. On April 20, 1994, Freund was reclassified as a material requirements clerk. This job did not require the lifting, pulling, or repetitive motions needed at her former position. The job transfer, however, resulted in Freund's pay being decreased from $10.92 to $10.11 per hour. Freund did not want to be transferred.

On May 17, 1994, Freund submitted a letter of resignation. Lockheed ask her to reconsider her decision, but she refused. She did not like her new position because she believed that the pay was too low and that it lacked sufficient responsibilities. In addition, she claims that she was ridiculed and harassed by co-workers before her transfer while she was on light duty as a missile material handler. The combination of these events made Freund believe that she could no longer work for Lockheed. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 17, 1995, and was issued a right to sue letter on June 26, 1996.

## DISCUSSION

### I. Summary Judgment

Lockheed has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment requires the movant to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Ad-*

*ickes v. S.H. Kress & Co.,* 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970); *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1532 (11th Cir.1994). Material facts are only those facts that legitimately affect the legal result of the case. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

After the movant meets this burden, "the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co., Inc.,* 32 F.3d 520, 524 (11th Cir.1994), *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party to a summary judgment motion need make this showing only after the moving party has satisfied its burden. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The court should consider the pleadings, depositions and affidavits in the case before reaching its decision. Fed.R.Civ.P. 56(c). All reasonable inferences will be made in favor of the non-movant. *Griesel v. Hamlin,* 963 F.2d 338, 341 (11th Cir.1992).

## II. *ADA Claim*

The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The act prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Two questions, therefore, must be answered affirmatively in order for Freund to recover under the ADA. First, it must be shown that Freund was a qualified individual. Second, there must be sufficient evidence to demonstrate that Freund was disabled at the time adverse employment action was taken against her.

## A. Qualified Individual

The determination of whether an individual is qualified is made in two steps. 29 C.F.R. Pt. 1630, App. 405. First, a court must determine if the individual had the requisite skill, experience, education and other requirements of the position. 29 C.F.R. § 1630.2(m). Then, the court must decide if the person could perform all essential functions of the position. *Id.*

In the case at bar, the evidence is undisputed that Freund was qualified for her job as a missile material handler before her injuries restricted her physical performance. She was experienced and had a good work record with Lockheed. Similarly, the only apparent reason for her transfer was her inability to lift and pull heavy parts with her right hand and make repetitive motions.

At the present time, however, the Court is unable to determine if Freund was unable to perform the essential requirements of her job. She has stated that it was possible for her to complete all the required moving and pulling with her left hand. In addition, no evidence has been presented which allows the Court to conclude as a matter of law that lifting, pulling, and repetitive motions were essential elements of Freund's former position. The Court, therefore, cannot conclude that Freund was not a qualified individual. Lockheed would still be entitled to summary judgment, however, if they can prove that Freund was not disabled.

## B. Disability

Under the ADA, a disability is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Lockheed has asserted that it is entitled to summary judgment because Freund does not have a disability. The company maintains that Freund is not disabled within the meaning of the ADA because none of her major

life activities are substantially limited by her lifting, pulling or repetitive motion restrictions. Lockheed, furthermore, argues that they never perceived Freund as disabled. Under perceived disability theory, Freund could recover if she was terminated because she was regarded by her employer as having a physical impairment that substantially limited one or more of her major life activities, even if she had no such impairment. 42 U.S.C. § 12102(2)(C). The Court will address each theory of recovery in turn.

### A. *Actual Disability*

There are two components of an actual disability under the ADA. 42 U.S.C. § 12102(2)(A). First, the person must have a physical or mental impairment. *Id.* Second, that impairment must substantially limit one or more of the person's major life activities. *Id.*

■ Both parties to this litigation agree that Freund has a physical impairment. Her injuries are well documented and it is undisputed that medical restrictions have been placed on her job duties. Whether her impairment substantially limits one or more major life activities is a far more interesting question.

Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i). The EEOC has directed, " 'Major life activities' are those basic activities that the average person in the general population can perform with little or no difficulty." 29 C.F.R. Pt. 1630, App. 402. In the case at bar, few of Freund's major life activities have been affected by her disabilities.

She can still walk, see, hear, and even lift and pull objects. Freund's major life activity of work is the only activity that may have been affected by her disability.

■ A mere degradation of a major life activity, however, does not amount to a disability under the ADA. A life activity must be substantially limited for it to rise to the level of a disability. 42 U.S.C. § 12102(2)(A). The general rule is that a person is not disabled merely because she is unable to do one particular job for an employer. There must be a limitation of her ability to work in general. 29 C.F.R. Pt. 1630, App. 403; *Cook v. Rhode Island, Dep't of Mental Health, Retardation & Hosps.,* 10 F.3d 17, 26 (1st Cir.1993); *Gupton v. Virginia,* 14 F.3d 203, 205 (4th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 59, 130 L.Ed.2d 17 (1994); *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 727 (5th Cir.1995); *Byrne v. Bd. of Educ.,* 979 F.2d 560, 565–66 (7th Cir.1992); *Wooten v. Farmland Foods,* 58 F.3d 382, 386 (8th Cir.1995); *Bolton v. Scrivner, Inc.,* 36 F.3d 939, 944 (10th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1104, 130 L.Ed.2d 1071 (1995).

■ The Eleventh Circuit has not made any substantive ruling on whether the inability to perform a specific individualized job amounts to a substantial limitation of a major life activity under the ADA.[1] Nevertheless, the Court is persuaded by the opinions of the numerous other circuits which have decided this issue. An impairment that only disqualifies a person from a narrow range of jobs should not be considered substantially limiting.

---

**1.** *In dicta,* the Eleventh Circuit has stated that the inability to work at a particular job because of an impairment may qualify a person as a handicapped individual. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1126 (11th Cir.1993). The *Fitzpatrick* decision, however, offers little assistance in determining how the Eleventh Circuit would rule on the case at bar. *Fitzpatrick* interpreted the Rehabilitation Act, a precursor of the ADA.

Cases interpreting the Rehabilitation Act have been used to interpret the ADA as well. EEOC interpretive guidelines for the ADA adopt many of the definitions of the Rehabilitation Act, in-

cluding those for "physical or mental impairment" and "major life activities." 29 C.F.R. § 1630, App. 400. The legislative history of the ADA clearly indicates that Congress intended that the terms and regulations issued under the ADA should track those of the Rehabilitation Act. *Hindman v. GTE Data Services, Inc.,* 3 A.D. Cases 641, 63 USLW 2096, 1994 WL 371396, p *2 (M.D.Fla.1994); *See also Mears v. Gulfstream Aerospace Corp.,* 905 F.Supp. 1075, 1079 (S.D.Ga.1995). Despite the similarity of the two acts, the *Fitzpatrick* decision is not dispositive of the issues in the case at bar.

In the case at bar, Freund has presented no evidence to counter Lockheed's claim that she was not disabled. She has merely asserted that her disability is proven by the evidence contained in her medical records. This evidence, of course, is insufficient to maintain a genuine issue of material fact since it ignores the standard for disability under the ADA. The Court finds that Lockheed has met its burden for summary judgment on this issue. Freund is not disabled and has no record of disability.

### B. *Perceived Disability*

■■■ There is, however, a possibility that Freund could recover even though she does not have an actual disability. If Lockheed transferred Freund because it regarded her as having a physical impairment that substantially limited a major life activity, then the requirements for a perceived disability under 42 U.S.C. § 12102(2)(C) would be met.

The EEOC interpretive guidelines for the ADA list three ways a person may be regarded as having a perceived disability:

(1) The individual may have an impairment which is not substantially limiting but is perceived by the employer or other covered entity as constituting a substantially limiting impairment;

(2) The individual may have an impairment which is only substantially limiting because of the attitudes of others toward the impairment; or

(3) The individual may have no impairment at all but is regarded by the employer or other covered entity as having a substantially limiting impairment.

29 C.F.R. Pt. 1630, App. 404.

In the instant case, the evidence on this issue is undisputed. Freund was transferred from her position as a missile material handler solely because of her medical restrictions. It is clear that Lockheed's perceptions were not based on speculation, stereotype, or myth. The perceptions, rather, were created by the medical restrictions imposed by Freund's doctor.

Plaintiff has never alleged that Lockheed perceived her medical restrictions as anything other than a limitation that did not substantially affect a major life activity. Indeed, Lockheed would not have reclassified Freund to the position of material requirements clerk if it perceived her condition as one that prevented her from performing more than the narrow range of missile assembly jobs. The evidence presented on this perceived disability issue fails to give rise to a genuine issue of fact. *See Wooten*, at 386. Lockheed is entitled to summary judgment.

### III. *State Law Claims*

Freund has also alleged a state law intentional infliction of emotional distress claim against Lockheed. The only federal issue pending in this litigation has been disposed of and the Court believes that this state law issue is best left to the courts of Georgia. The Court declines to retain discretionary supplemental jurisdiction over the remainder of this case. *See* 28 U.S.C. § 1367(c)(3).

### CONCLUSION

The Court has determined that Freund's medical restriction did not amount to a disability under the ADA or create a record of disability. Lockheed did not transfer Freund because it perceived her to have a disability. Accordingly, Lockheed's motion for summary judgment is **GRANTED.** All state law claims are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**