**Charles R. CORRIGAN, Plaintiff,**

v.

**William J. PERRY, Secretary, Department of Defense, Defendant.**

**Action No. 2:96cv595.**

United States District Court, E.D. Virginia, Norfolk Division.

April 10, 1997.

Jack Ferrebee, Virginia Beach, VA, for Plaintiff.

George M. Kelley, III, Asst. U.S. Atty., Norfolk, VA, for Defendant.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

Plaintiff, Charles R. Corrigan, brings this action against Defendant, William J. Perry, pursuant to Section 501 of the Rehabilitation Act of 1973, as amended, alleging that he was the victim of discriminatory employment practices based on his disability. The matter is presently before the court on defendant's motion for summary judgment. For the reasons set forth below, defendant's motion is GRANTED.

### I. Facts and Procedural History

The basic facts of this case are as follows. Since April, 1988, plaintiff was employed as a Material Handler Work Leader (WL–5), at the Naval Supply Center, Naval Base, Norfolk, Virginia, which was reorganized in 1992 to become the Defense Distribution Depot ("Depot"). The WL–5's job description included generally the leadership of 5–10 warehouse workers. More specifically, a WL–5 was responsible for, *inter alia,* assuring that work assignments were carried out, passing on a supervisor's instructions, training new employees, and issuing and receiving warehouse items. A WL–5 is also required to be able to operate a fork lift and lift up to seventy pounds.

After suffering an on-the-job injury, plaintiff experienced back problems and underwent surgery on April 24, 1992. After recovering from surgery, plaintiff returned to work with a temporary restriction that he not lift more than twenty-five pounds nor operate a fork lift. Plaintiff had a second surgery on February 9, 1993. When he returned to work, he was under the same temporary work restrictions. Apparently, Corrigan's light-duty status continued throughout 1993. In November, 1993, plaintiff requested that his light duty status be continued and submitted a letter from his doctor, Dr. Butts, indicating that, in addition to the restrictions already noted, plaintiff should also avoid prolonged neck-head extension and should not work above shoulder level frequently. In June 1994, following a request by the Depot for an update on plaintiff's status, Dr. Butts

stated that he now believed that plaintiff's condition was permanent.[1]

In September 1994, plaintiff was transferred from his work location at the Norfolk Naval Base to a satellite warehouse at the Naval Shipyard in Portsmouth, Virginia. In February, 1995, plaintiff was admitted to Maryview Hospital for psychiatric treatment of severe depression following a suicide attempt. He has not returned to work. In October, 1996, the Depot administratively terminated plaintiff's employment.

On June 11, 1996, plaintiff filed his Complaint in this action. Defendant filed a motion for summary judgment on February 25, 1996, and plaintiff filed his reply memorandum on March 10, 1997.

It is not disputed that plaintiff claims to have had no mental illness or condition or psychological problems prior to the time he left work. To the extent any such problems might have existed, it is undisputed that plaintiff never made them known to his supervisors. Moreover, plaintiff's disabled status for purposes of workmen's compensation or other types of disability benefits is not before the court.[2] Accordingly, the only issue in this case is whether the Depot violated the Rehabilitation Act by refusing to offer reasonable accommodation for plaintiff's alleged disability, his back condition.

## II. Discussion

### A. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); Anderson v. Liberty

Lobby. Inc., 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); Terry's Floor Fashions. Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir.1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322–24, 106 S.Ct. at 2552–53. Such facts must be presented in the form of exhibits and sworn affidavits. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., at 322, 106 S.Ct. at 2552.

### B. Analysis

Plaintiff alleges that he is a person with a disability within the meaning of the Rehabilitation Act of 1973, as amended ("Act"). He claims that his employer acted in bad faith by failing to accommodate his disability as required by the Act. Defendant moved for summary judgment, arguing that plaintiff was not covered by the Act, or that in any event, the Depot did not fail to provide a reasonable accommodation. Because plaintiff has failed to show that he is disabled within the meaning of the Act, the court GRANTS defendant's motion for summary judgment.

Defendant correctly notes that the threshold question in this case is whether or not Corrigan's back condition qualifies him for protection under the Act. With respect to this issue, defendant cites recent case law to bolster his contention that plaintiff is not an "individual with a disability." Defendant relies especially on a recent Fourth Circuit decision, Williams v. Channel Master Satel-

---

1. The parties dispute whether or not plaintiff's supervisors at the Depot actually respected his light duty restrictions. Plaintiff insists that he received assignments that required him to violate his medical restrictions. Defendant concedes that plaintiff might have been assigned tasks that would require him to violate his limitations, but only if he personally performed the entire assignment. Defendant argues, however, that as a

WL–5, plaintiff need not do all the work himself, but could delegate to those in his work group the tasks he could not personally perform.

2. Apparently, plaintiff has applied for and is currently receiving workmen's compensation for total disability.

*lite Sys., Inc.,* 101 F.3d 346 (4th Cir.1996), for the proposition that plaintiff's medical restrictions stemming from his injury do not, as a matter of law, amount to a substantial limitation on plaintiff's major life activities. In his reply memorandum, plaintiff insists that his back problems have substantially limited his major life activity of working. Plaintiff attempts to distinguish *Williams* by arguing that his physical limitations are not comparable to those suffered by the plaintiff in *Williams*.[3]

Both parties agree that in order to establish a cause of action under the Rehabilitation Act, plaintiff must first show that he is a disabled person within the meaning of the statute.[4] *Gupton v. Commonwealth of Virginia,* 14 F.3d 203, 205 (4th Cir.), *cert. denied,* 513 U.S. 810, 115 S.Ct. 59, 130 L.Ed.2d 17 (1994). The term "individual with a disability" is defined to include "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B); *Gupton,* 14 F.3d at 205; *Forrisi v. Bowen,* 794 F.2d 931, 933 (4th Cir.1986). The dispute in this case concerns the first of the three categories: whether plaintiff's back trouble substantially limits one or more of his major life activities.[5] In its regulations, the Equal Employment Opportunity Commission ("EEOC") has stated that the term "major life activities" means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1614.203(a)(3) (Rehabilitation Act); 29 C.F.R. § 1630.2(i)(ADA); *Gupton,* 14 F.3d at 205.

In most cases involving the determination of whether an alleged disability substantially limits a major life activity, a reviewing court need only consider: (1) the "nature and severity of the [plaintiff's] impairment," (2) its "duration or expected duration," and (3) any "permanent or long term impact." *See Williams v. Channel Master Satellite Sys., Inc.,* 101 F.3d 346, 349 (4th Cir.1996) (quoting 29 C.F.R. § 1630.2(j)(2), promulgated by the EEOC pursuant to the ADA).

█ In cases such as this, however, in which the major life activity at issue is "working," additional factors come into play. As an initial matter, the "inability to perform a single, particular job does not constitute a substantial limitation;" rather, "substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." *Id.* (quoting 29 C.F.R. § 1630.2(j)(3)); *see also Gupton,* 14 F.3d at 205. In *Forrisi v. Bowen,* another Rehabilitation Act case, the Fourth Circuit stressed that the determination of "whether the particular impairment constitutes for the particular person a significant barrier to employment" is, necessarily, "an individualized one." *Forrisi,* 794 F.2d at 933. The court then suggested how a plaintiff could establish that his disability substantially limited his ability to work by noting that

> [r]elevant to the inquiry are "[1] the number and type of jobs from which the impaired individual is disqualified, [2] the geographical area to which the individual has reasonable access, and [3] the individual's job expectations and training."

---

3. The parties also disagree about other matters, the most notable of these being whether or not the Depot provided reasonable accommodation for plaintiff in light of his medical restrictions. Because plaintiff cannot even show that he is covered by the Act, however, the court need not address this issue.

4. Because the relevant substantive provisions of the Rehabilitation Act are basically identical to those of the Americans with Disabilities Act (ADA), *see Shafer v. Preston Memorial Hosp. Corp.,* 107 F.3d 274, 276 n. 3 (4th Cir. 1997); *Doe v. University of Maryland Med. Sys. Corp.,* 50 F.3d 1261, 1264 (4th Cir.1995); *Betts v. Rector & Visitors of Univ. of Virginia,* 939 F.Supp. 461,

466 (W.D.Va.1996); 1 Barbara Lindemann & Paul Grossman, *Employment Discrimination Law* 273–281 (1996), the court will rely, throughout this opinion, on case law interpreting either or both statutes.

5. In ¶ 29 of his Complaint, plaintiff also suggests that he was "perceived by the defendant to be a person with a handicap," thereby implicating the third subsection of 29 U.S.C. § 706(8)(B). Since filing his Complaint, however, plaintiff has not mentioned this allegation. He has presented no evidence concerning it, nor did he raise it at all in his reply memorandum. Accordingly, the court will not address the issue here.

*Id.* (quoting *Jasany v. United States Postal Service,* 755 F.2d 1244, 1249 (6th Cir.1985)). A plaintiff who fails to produce any evidence regarding *Forrisi's* three factors, which are substantively identical to those made applicable to ADA cases by EEOC regulations, risks dismissal of his action. *See* 29 C.F.R. § 1630.2(j)(3)(ii) (listing the three additional factors for use "in determining whether an individual is substantially limited in the major life activity of 'working'"); *Bolton v. Scrivner. Inc.,* 36 F.3d 939, 943–44 (10th Cir.1994), *cert. denied,* 513 U.S. 1152, 115 S.Ct. 1104, 130 L.Ed.2d 1071 (1995) (dismissing an ADA claim on the grounds that the plaintiff failed to present any evidence relevant to the three section 1630.2(j)(3)(ii) factors).

Thus, a plaintiff who alleges that "working" is the major life activity which his disability substantially limits carries an additional burden, whereas a plaintiff who alleges that some other activity, such as "seeing," is impacted need only produce evidence concerning the three factors noted in 29 C.F.R. § 1630.2(j)(2). In cases in which "working" is the major life activity, however, the three additional factors contained in 29 C.F.R. § 1630.2(j)(3)(ii), and described by *Forrisi,* come into play.

In *Bolton v. Scrivner,* the plaintiff, an order selector in a grocery warehouse, suffered a work-related injury which apparently resulted in pain, numbness, and a limited ability to stand, walk, and lift weight. *Bolton,* 36 F.3d at 943. The plaintiff insisted that summary judgment was inappropriate, arguing that he had produced sufficient evidence to "support the inference that he [was] significantly restricted in the activity of working." Id. at 942. The Tenth Circuit disagreed. The court recognized that the plaintiff had presented evidence which went "to the nature and severity, duration, and impact of Bolton's impairment—the factors listed in 29 C.F.R. § 1630.2(j)(2)." *Id.* at 944. Nevertheless, the court found that summary judgment was appropriate because "Bolton failed to produce evidence showing a significant restriction in his 'ability to perform either a class of jobs or a broad range of jobs in various classes.'" *Id.* (quoting 29 C.F.R. § 1630.2(j)(3)).

Like the plaintiff in *Bolton,* Corrigan has failed to produce any evidence addressing the extent of the job market from which his back problems disqualify him, the geographical area to which he has reasonable access, or his own employment experience and expectations. In his affidavit, he does no more than describe his alleged disability, noting that his doctor's medical restrictions dictated that he should lift no more than twenty-five pounds, he should not drive a fork-lift (because of the jarring), and he should not lift over his head (to avoid head-neck extension). He provides no evidence regarding potential employment for which he is or is not still eligible.

█ Plaintiff thus offers no evidence on the three *Forrisi* factors. Instead, he merely states, by counsel, in his reply memorandum, that he is substantially limited in the class of jobs requiring the physical ability to lift over twenty-five pounds, to raise his hands over his head, and to perform tasks involving jarring of the body. In other words, plaintiff has simply argued, as a "class of jobs," a class that is arbitrarily defined in terms of the precise things plaintiff allegedly can no longer do. Certainly this type of self-serving assertion cannot be a sufficient showing to avoid summary judgment. Allowing a plaintiff to avoid dismissal based solely on the self-evident assertion that he cannot perform a class of jobs that is defined in terms of the precise abilities that, because of his "disability," he does not possess, would render pointless the *Forrisi* factors. In any case involving any alleged disability, a plaintiff could always define a "class of jobs" in such terms. Instead of generalized assertions, *Forrisi,* and the identical 29 C.F.R. § 1630.2(j)(3)(ii) factors, require more: specific evidence of "[1] the number and type of jobs from which the impaired individual is disqualified, [2] the geographical area to which the individual has reasonable access, and [3] the individual's job expectations and training." *Forrisi,* 794 F.2d at 933; *see Bolton,* 36 F.3d at 944. Because plaintiff has failed to offer any evidence relevant to these three factors, summary judgment is appropriate.

Another compelling reason to dismiss plaintiff's Rehabilitation Act claim is provided by the recent Fourth Circuit decision, *Williams v. Channel Master Satellite Sys., Inc.* In this ADA case, the plaintiff, a manual punch press operator involved in the machining of metal rods, injured her neck and back in an accident. *Williams,* 101 F.3d at 348. As a result of the injury, her orthopedist imposed a twenty-five pound lifting restriction and also cautioned her to avoid pushing or pulling heavy objects. *Id.* Although several job vacancies existed at the plant during the relevant time period which would have accommodated plaintiff's medical restrictions, her employer refused to accommodate her condition in any way, and terminated her employment at the earliest opportunity.[6] *Id.*

Notwithstanding the plaintiff's apparent pain and physical limitations, the Fourth Circuit concluded that Williams "failed to establish that she had a disability sufficient to trigger the ADA." *Id.* at 349. The court stated bluntly that, as a matter of law, Williams' back problems could not qualify her for the protections and benefits of the ADA:

> we hold, as a matter of law, that a twenty-five pound lifting limitation—particularly when compared to an average person's abilities—does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity.

*Id.* (citing *Aucutt v. Six Flags Over Mid-America,* 85 F.3d 1311, 1319 (8th Cir.1996), for the proposition that a "twenty-five pound lifting restriction [does] not 'significantly restrict' major life activities").

Corrigan's attempt to distinguish *Williams* consists of the assertion that "[t]he physical limitations of the employee in *Williams* are not comparable to Corrigan's." The court does not agree. Apparently, the only noteworthy difference between the two plaintiffs is that Corrigan's doctor advised that he was not to operate a forklift. This additional limitation is not significant enough to place Corrigan beyond the reach of *Williams.* Accordingly, based on the holding of *Williams,* and for all of the reasons stated above, the court GRANTS defendant's motion for summary judgment.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to counsel for the parties, and to enter judgment for the defendant.

---

6. Unlike the *Williams* defendant, the employer in the case at bar did make efforts to accommodate plaintiff's medical restrictions. The parties disagree as to whether the Depot's accommodation was reasonable, as the employer insists, or a sham that required plaintiff to violate his medical restrictions. Although the court is inclined to agree with defendant that the Depot provided reasonable accommodation by affording plaintiff the opportunity to assign certain work to his subordinates, the court declines to rule on this issue in light of its decision that plaintiff is not an "individual with a disability." *See Williams,* 101 F.3d at 350 (Williams, J., concurring) (noting that "alternative holdings should be avoided").