**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELSON BARRERA,
Plaintiff-Appellant,

v.

No. 95-3077

JOHN H. DALTON, Secretary of the
Navy,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-95-1194-A)

Submitted: June 30, 1997

Decided: July 15, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger K. Rutledge, RUTLEDGE & RUTLEDGE, P.C., Memphis,
Tennessee, for Appellant. Helen F. Fahey, United States Attorney,
Rachel C. Ballow, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elson Barrera appeals the district court's order entering summary judgment for the Secretary of the Navy (Secretary) in this action claiming employment discrimination on the basis of handicap, in violation of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797b (West 1994 & Supp. 1997) (Act). We find that Barrera is not an "individual with a disability" within the meaning of the Act, 29 U.S.C.A. § 706(8)(B). Therefore, we affirm.

I

Barrera was a civilian electronics technician assigned to the Naval Air Station at Guantanamo Bay, Cuba. His tour began in 1988 and was scheduled to expire in April 1992. In September 1990 doctors diagnosed bladder and prostate cancer requiring surgery and periodic follow-up monitoring such as biopsies, cystoscopy, and urinary cytology. Because Guantanamo Bay did not provide such services, Barrera had to travel to the continental United States for care.

Initially, Barrera requested reassignment to a stateside facility. However, his condition improved by late 1991. He requested an extension of his tour at Guantanamo Bay for an additional year. He was notified late in 1991 that his tour would not be extended. The Navy maintains that this decision was based on its anticipated installation of a new radar system at Guantanamo. By the time the Navy had trained Barrera on the new system, he would have had less than one year left to serve, even if his tour were extended to five years as he had requested. The Navy maintains that its decision not to extend Barrera's tour had nothing to do with his medical condition, but was based on the desire to train someone on the new system who would be at Guantanamo Bay for several years.

2

Barrera was given the option of separation from service or taking a job under the Navy's Priority Placement Program (PPP). Veterans who are civilian employees of the Navy apply for reassignment through the PPP when they rotate to the continental United States from overseas employment. Two jobs were available to Barrera through the PPP: one in Tennessee and one in Oklahoma. The job in Oklahoma was not offered to Barrera, apparently because he had a nerve paralysis that affected a leg and the job required him to climb tall radio towers. Barrera therefore took the job as a radio technician in Tennessee, even though it involved a demotion, or at least a reduction in pay and benefits.

Barrera claimed in this action that the failure to extend his tour and the subsequent reassignment constituted employment discrimination on the basis of handicap, in violation of 29 U.S.C.A. § 794. At the conclusion of a hearing on the Secretary's motion for summary judgment, the district court determined that the Act did not protect Barrera because his cancer did not affect a major life activity. The court further found that, even if Barrera did qualify under the Act, the Navy had demonstrated a legitimate, nondiscriminatory reason for failing to retain him at Guantanamo Bay. Barrera appeals.

II

The Act prohibits an employer from discriminating against a "qualified individual with a disability" on the basis of that disability. 29 U.S.C.A. § 794(a). To establish a violation of the Act, a plaintiff must establish that: (1) he has a disability; (2) he is otherwise qualified for the employment in question; and (3) he was excluded from employment solely because of his disability. Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1264-65 (4th Cir. 1995).

For purposes of § 794, an "individual with a disability" is "any person who (I) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C.A. § 706(8)(B). Work is a major life activity. Gupton v. Virginia, 14 F.3d 203, 205 (4th Cir. 1994).*

_____

*Work is the only major life activity allegedly affected by Barrera's medical problem.

3

Barrera admitted that he had never missed any scheduled work. Further, he stated that his medical problems had never affected his job performance. Given these admissions, Barrera cannot qualify as an individual with a disability under § 706(8)(B)(I) or (ii). Barrera contends, however, that his superiors perceived him as having an impairment that substantially limited his ability to work, and that he therefore falls under the protection of § 706(8)(B)(iii). His transfer to a similar, though less lucrative, job in Tennessee defeats this argument. We have previously observed "that an employer regards an employee as [disabled] in his . . . ability to work by finding the employee's impairment to foreclose generally the type of employment involved." Forrisi v. Bowen, 794 F.2d 931, 935 (4th Cir. 1986). Barrera was an electronics technician at Guantanamo Bay; he was an electronic measurement equipment mechanic in Tennessee. This transfer shows that the Navy did not regard Barrera's condition as foreclosing his ability to do the general type of work he performed at Guantanamo Bay.

III

Having determined that Barrera is not an "individual with a disability" under the Act, there is no need to address the remaining issues on appeal. We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4