UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE D. TUTEN,
Plaintiff-Appellant,

v.

No. 98-1299

CLARIANT CORPORATION, formerly
known as Sandoz Chemical
Corporation,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CA-96-2487-9-8AJ)

Argued: December 2, 1998

Decided: March 15, 1999

Before ERVIN and NIEMEYER, Circuit Judges, and
HILTON, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marion Clyde Fairey, Jr., SPEIGHTS & RUNYAN,
Hampton, South Carolina, for Appellant. John Hagood Tighe,
ELLZEY & BROOKS, L.L.C., Columbia, South Carolina, for Appel-
lee. **ON BRIEF:** Jonathan P. Pearson, Stephen C. Mitchell, Nicole P.

Cantey, ELLZEY & BROOKS, L.L.C., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Tuten was fired as a chemical operator for Clariant Corporation because he could not tolerate the levels of sulfur dioxide present in his workplace and because Clariant had no other job opening. Tuten filed this action under the Americans with Disabilities Act ("ADA"), alleging that even though he was not disabled within the meaning of the ADA, Clariant <u>regarded</u> him as disabled. The district court granted Clariant's motion for summary judgment because, although Tuten could not perform his job as a chemical operator, he presented no evidence that Clariant regarded him as being substantially limited in his ability to perform a wide range of jobs. We affirm.

I

Tuten worked as a chemical operator at Clariant, handling various chemicals, some of which produce sulfur dioxide as a by-product. After working in this position for approximately 16 months, Tuten complained, during a physical exam on September 29, 1993, that even brief exposure to the chemicals that produce sulfur dioxide aggravated his asthma, making him wheeze and become short of breath, and causing a tightness in his chest. Nevertheless, Tuten continued performing his job. Again, during a regular respiratory exam on June 15, 1994, Tuten complained that he experienced shortness of breath and a sharp pain in his side when he was exposed to sulfur dioxide. Between July 14 and December 7, 1994, Tuten reported eight attacks of chest pain, one of which was so severe that he had to go to the hospital.

2

In late September 1994, Tuten was advised by a doctor that he should not be exposed to sodium hydrosulfite (a chemical for which sulfur dioxide is a by-product) unless wearing a negative pressure respirator. Tuten did not wear a respirator because either he (as Clariant claims) or the plant safety officer (as Tuten claims) concluded that wearing a respirator all day would be too strenuous.

Because of the recurring attacks of chest pain, Clariant moved Tuten out of the production building in which he worked and assigned him temporarily to an administration building where he performed clerical duties and odd jobs. But after about two and a half months, Clariant determined that it had no permanent position for Tuten. When Clariant presented Tuten with a document proposing a mutual termination of Tuten's employment, Tuten refused to sign it, and Clariant then fired him. A few months later, Tuten acquired a job with another company, working as a utility man with fiberglass poles.

Tuten filed this action, alleging that Clariant's termination of his employment violated the ADA, 42 U.S.C. § 12101 et seq. The district court granted Clariant's motion for summary judgment, and this appeal followed.

II

The ADA protects three classes of persons against discrimination based on disability: (1) persons who have "a physical or mental impairment that substantially limits one or more . .. major life activities;" (2) persons who have "a record of such an impairment;" and (3) persons who are "regarded as having such an impairment." 42 U.S.C. § 12102(2). Tuten concedes that he is not currently, nor has he ever been, limited in any major life activity. While Tuten's asthma condition prevents him from working as a chemical operator in Clariant's chemical production building, it does not disqualify him from a range of employment. The inability to do one particular job does not constitute a substantial limitation on the major life activity of working. See Gupton v. Virginia, 14 F.3d 203, 205 (4th Cir. 1994) (holding that plaintiff's allergy to tobacco smoke, while making it impossible to continue in the particular job she had held, did not limit the major life activity of working); see also Williams v. Channel Master Satellite Sys., 101 F.3d 346, 349 (4th Cir. 1996) (holding that, as a matter of

3

law, a 25-pound lifting limitation does not limit any major life activity); Forrisi v. Bowen, 794 F.2d 931, 934-35 (4th Cir. 1986) (noting that under the Rehabilitation Act, a person is not considered handicapped because of the inability to perform a particular job).

Tuten contends, however, that he falls under the protection of the ADA, claiming that Clariant regarded him as a person with a disability. "[T]he ADA protects from employment discrimination individuals who are regarded or perceived, albeit erroneously, as having an impairment that substantially limits one or more of the major life activities." Runnebaum v. NationsBank, 123 F.3d 156, 172 (4th Cir. 1997) (en banc). Thus, an employee is protected by the ADA if the employer takes adverse employment action against him"because it perceived him to be significantly restricted in his ability to perform either a class of jobs or a broad range of jobs in various classes." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 303 (4th Cir. 1998); see also 29 C.F.R. § 1630.2(1)(1) (stating that a person is regarded as disabled if he "[h]as a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation"); Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 872 (2d Cir. 1998); Sutton v. United Air Lines, Inc., 130 F.3d 893, 904 (10th Cir. 1997); Foreman v. Babock & Wilcox Co., 117 F.3d 800, 806 (5th Cir. 1997); see generally Deane v. Pocono Med. Ctr., 142 F.3d 138, 144-45 (3d Cir. 1998) (reversing a grant of summary judgment in favor of an employer only because there was "a genuine issue of material fact as to whether[the employer] regarded [the employee] as substantially limited in the major life activity of working").

There is no evidence in the record before us that Clariant viewed Tuten as significantly restricted in his ability to perform a class of jobs or a broad range of jobs in various classes. To the contrary, the evidence suggests that Clariant believed, correctly, that Tuten's condition precluded him from working as a chemical operator in Clariant's chemical production plant but did not prevent him from working at other jobs. This is evidenced by the fact that Clariant gave Tuten work in an administration building and attempted to find him a permanent position that would not involve exposure to sulfur dioxide or other chemicals.

4

In advancing a theory of liability under the ADA, Tuten distorts Clariant's concern over his exposure to sulfur dioxide as a concern that Tuten cannot tolerate any sulfur dioxide, even the small amounts present everywhere in the air. Tuten points to an internal memorandum from Clariant's production supervisor who, concerned about finding a way to enable Tuten to do his job without experiencing chest pain, wrote: "Due to medical reasons, [Tuten] cannot be exposed to SO2." But there is no evidence that Clariant perceived Tuten as unable to tolerate air generally or as unable to work in a broad range of jobs, and its response of moving Tuten from the chemical production plant to the administration building indicates to the contrary.

Because Tuten failed to present evidence that Clariant regarded Tuten as substantially limited in working generally outside of the chemical production plant, he has not established that he is covered by the ADA. The district court's judgment is therefore

AFFIRMED.

5