**Michael W. WALKER**

v.

**John E. POTTER, United States Postmaster General**

**No. CIV.A. DKC2001–1348.**

United States District Court, D. Maryland.

March 5, 2002.

---

Gary W. Diamond, Waldman & Diamond, Kensington, MD, Tammy L. Wilson, Kensington, MD, for plaintiff.

Michael A. DiPietro, Assist. U.S. Atty. Baltimore, MD, for defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination action is the motion of Defendant John E. Potter to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion for summary judgment will be granted.

## I. Background

The following facts are uncontroverted or, unless otherwise noted, alleged by Plaintiff. Walker was employed with the United States Postal Service beginning in 1984, as a modified carrier at the Postal Service's Southern Maryland Processing and Distribution Center in Capitol Heights, Maryland. On October 19, 1987, Walker filed a notice of traumatic injury and claim for continuation of pay/compensation. The injury was major depression, anxiety reaction, and bipolar disorder. Walker sought benefits under the Federal Employees' Compensation Act ("FECA") for job related stress. On December 10, 1987, Walker filed a claim for compensation with the Office of Worker's Compensation Programs ("OWCP") seeking a continuation of the benefits he began receiving in October, 1987. On July 13, 1988, Walker was notified by OWCP that his claim for "aggravation major depression and anxiety reaction" was accepted for the period November 30, 1987 through December 17, 1987. Paper No. 4, Ex. 3. The letter stated that Walker must submit medical evidence for any period of compensation he wished to claim after December 17, 1987. On July 14, 1988, Walker submitted a claim for continuing compensation, stating that he was fully

disabled, supported by a letter from his physician stating that Walker was unable to function in the workplace. Paper No. 4, Ex. 4. The letter stated that his disability would last for over 90 days. Walker continued to receive benefits after submitting this letter.

In September 1997, the Postal Service received information that Walker might be working while collecting disability benefits. Paper No. 4, Ex. 7. After an investigation, the Postal Service concluded that Walker was employed at that time in the home improvement business and had been since 1993. Id. On March 2, 1999, the United States Attorney for the District of Columbia charged Walker with violating 18 U.S.C § 1920, charging that he had made false statements in order to obtain compensation for his disability. Walker was required to report to the OWCP a cessation of his disability, a change of his medical condition, or any employment, including self-employment, on Form EN–1032, certifying it as truthful. On March 29, 1999, Walker pled guilty to the charge filed on March 2, 1999. He was sentenced on June 29, 1999, to two years probation and 200 hours of community service.

On May 24, 1999, Walker was served with a Notice of Proposed Removal from the Postal Service on the grounds that he made a false statement to receive compensation. The Notice stated that Walker had ten days to respond to the Notice, either in person or in writing, and that he had fourteen days from the date of receipt to file a grievance. Walker responded in a letter dated June 11, 1999, proferring facts that the Notice was based on inaccurate findings and conclusions. He asserts that, even though he requested a hearing or meeting, none was allowed. On July 26, 1999, Capital Heights Postmaster Weldon Carson issued a Letter of Decision, notifying Walker that he was being removed from the Postal Service effective August 3, 1999. The letter informed Walker that he had the right to appeal and, if he did so, he would remain on the employment rolls in a non-duty, non-pay status.

On August 27, 1999, Walker sought Equal Employment Opportunity ("EEO") counseling through the Capital District Office, alleging that he had been terminated as a result of his mental disability. The EEO responded on November 30, 1999, providing Walker with management's position that he had been terminated due to the fact that he did not report his work in a home improvement business. On December 29, 1999, Walker filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging discrimination on the basis of his mental disability. Paper No. 4, Ex. 16.

On July 11, 2000, the Postal Service EEO Office completed its investigation of Walker's complaint concluding that he received income for engaging in the business of home improvement and he did not report it. On April 10, 2001, the Postal Service issued a Final Agency Decision holding that Walker was not disabled, as he was able to work in the home improvement business and work is a major life activity. Plaintiff filed this complaint in this court on May 8, 2001.

## II. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.,* 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Pulliam,* 810 F.2d at 1286 (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex,* the Supreme Court stated:

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

## III. Analysis

In bringing his claims against Potter, Walker has alleged that he was wrongfully terminated and the Postal Service failed to offer him rehabilitation services or retraining. Potter has refuted these allegations by affidavits and other exhibits attached to its motion to dismiss or, in the alternative, for summary judgment. Recognizing that Potter's motion might be treated as one for summary judgment, Walker included affidavits and exhibits in his opposition to Potter's motion. Rule 12(b)(6) states that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent." FED. R. CIV. PRO. 12(b)(6). Walker had "more than adequate notice that [Potter's] motion might be treated as one for summary judgment." *Fare Deals, Ltd. v. World Choice Travel.Com, Inc.,* 180 F.Supp.2d 678, 693 (D.Md.2001). "Moreover, [Walker] responded ... as if it might be disposed of as one for summary judgment, [including his] own affidavits and

exhibits." *Id.* Therefore, the court will consider the additional exhibits and affidavits presented by both sides and treat Potter's motion as a motion for summary judgment.

Defendant argues that there are several grounds for dismissal, or in the alternative, summary judgment: Walker's reasonable accommodation claim is untimely, Walker has not sufficiently alleged his disability in this complaint, Walker's reasonable accommodation claim fails to state a claim upon which relief can be granted, and Walker cannot make out a *prima facie* case as to his termination claim. Paper No. 4. The court concludes that summary judgment is merited because Walker has failed to establish that he is a qualified individual with disabilities; thus, he is not entitled to bring a claim under the Rehabilitation Act. *Forrisi v. Bowen,* 794 F.2d 931, 933 (4th Cir.1986).

Walker must establish that he is a disabled individual within reach of the Rehabilitation Act. The Act defines the term "disabled individual" as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." *Id.,* see also 29 U.S.C. § 705(20)(B) (1998). "Major life activities" are defined by the EEOC as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (2001).[1]

Walker alleges that the only "major life activity" he is substantially limited in is working. He suggests no other. Assuming the EEOC's definition of "major life activity" properly includes working, Walker has failed to produce evidence that he is substantially limited in that major life activity.

The Fourth Circuit has held that "an employer does not necessarily regard an employee as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job." *Forrisi v. Bowen,* 794 F.2d 931, 934 (4th Cir.1986). *See also Hooven–Lewis v. Caldera,* 249 F.3d 259, 269 (4th Cir.2001), *Gupton v. Virginia,* 14 F.3d 203, 205 (4th Cir.1994) (holding that plaintiffs did not have a right to a particular job if they could be employed in another position). Walker's assertion that he is disabled, in part, due to the fact that he has difficulty with interpersonal relationships and persons in authority may preclude him from employment as a postal carrier, but it does not eliminate every possible form of employment.

 The uncontroverted evidence is that Walker has worked in a home improvement business from 1993 until at least 1997, when his employment was discovered by the Postal Service. In pleading guilty to the charge of making a false statement to obtain worker's compensation, in March 1999, Walker admitted that he represented to the Postal Service that he was unable to work while simultaneously employed in a home improvement business. Although Walker may not be able to work as a postal carrier and satisfy the demands of that job, it is clear that he is able to work in another capacity, namely home improvement. Even if Walker was substantially limited from working by his mental disability in 1987, when he began to receive worker's compensation benefits, he is no longer substantially limited, as he been employed since 1993. The Supreme

---

1. Both the Supreme Court and the Fourth Circuit have expressly reserved the question whether working can be a major life activity. *Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 689, 151 L.Ed.2d 615 (2002); *Pollard v. High's of Baltimore, Inc.,* No. 01–1342, 2002 WL 261556, at *3, n. 1 (4th Cir. Feb.25, 2002).

Court recently held "that to be substantially limited in performing ... tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002). This determination must be made on a case-by case basis. *Id.* at 692. The phrase "substantially limits" should be "read as requiring that a person be presently—not potentially or hypothetically—substantially limited in order to demonstrate a disability." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Therefore, he is not currently disabled under the Rehabilitation Act and cannot bring a claim of discrimination under 29 U.S.C. § 791.

## IV. Conclusion

Plaintiff has failed to forecast evidence to support alleged employment discrimination in violation of the Rehabilitation Act because he is not disabled. Therefore, Defendant's motion for summary judgment will be granted. A separate order will follow.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's Motion for Summary Judgment BE, and the same hereby IS, GRANTED;

2. Judgment BE, and the same hereby IS, ENTERED in favor of John E. Potter, Postmaster General and against Michael W. Walker, with respect to ALL claims; and

3. The clerk transmit copies of the Memorandum Opinion and this Order to the parties and CLOSE this case.